PER CURIAM.
Defendant moves dismissal of this appeal on the sole ground that the appellant has refused to post an advance deposit required by the court reporter before transcribing the testimony, as a result of which the transcript has not been made and the record has not been lodged with this court by the return date.
We hold that the court reporter has no authority to require a deposit before transcribing the testimony for appeal. The legislature has protected the court reporter against an appellant’s abandoning the appeal without paying for the transcript by requiring an appeal bond for “all costs due by the appellant,” C.C.P. 2124. (Here, $250 cash was posted.) Perhaps the reporter may await filing of the bond before transcribing the testimony (or request the judge to increase the bond in an appropriate situation), but the reporter may not refuse to transcribe the testimony once bond has been posted.
The court reporter’s failure to transcribe the testimony is therefore not attributable to any fault of appellant, nor is the clerk’s consequential inability to prepare and file the record.
“Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.” C.C.P. 2127.
The motion is therefore denied.