CHIASSON, Judge.
Pursuant to motion filed on September 17, 1976, by plaintiff-appellee, Felix J. Fryou, this Court ruled defendant-appellant, Security Industrial Insurance Company, to show cause why this appeal should not be dismissed for appellant’s alleged failure to pay the cost of preparing the record on appeal and the filing fee required by this Court to lodge the appeal.
Judgment was rendered on April 1, 1976, and an order of appeal was duly signed on April 28, 1976, granting unto appellant a suspensive appeal and fixing June 25, 1976 as the return date. The appeal bond was filed on May 5, 1976, and the transcript of the testimony was filed on July 12, 1976.
Movant attached to its motion to dismiss an affidavit of Kermit A. Bourque, Clerk of Court, Twenty-Third Judicial District Court, Parish of Ascension, dated September 15, 1976, in which he affirms: No extension of the return date had been applied for or granted; the costs for preparing the record had not been paid as of that date; the record had not been prepared or lodged in this Court because of the failure to pay the costs; and, he mailed to defendant-appellant a bill itemizing costs prior to June 25, 1976.
On October 5, 1976, the clerk executed another affidavit to correct and amend his affidavit of September 15, 1976, wherein he affirms: No bill was ever sent to appellant or its attorney for filing fees or costs of this appeal; the usual and established practice of his office is to prepare the record and await the filing of the transcript by the Court Reporter; while waiting for the transcript to be prepared, his office regularly and customarily cures delays in lodging an appeal by the filing of retroactive extensions in the record; his office customarily sends a bill to an appellant on the day any particular suit account shows a negative balance; and, he mistakenly signed the previous affidavit due to his failure to carefully read the last paragraph thereof.
*1327 An affidavit by the Court Reporter indicates that a bill for costs of transcribing the testimony was mailed directly to appellant’s attorney and that it was immediately paid.
The appellant contends that the failure to timely lodge the record is not imputable to him because he relied upon local custom and practice set forth in the clerk’s affidavit of October 5, 1976, and that he was at all times willing to pay the costs and fees upon being notified of the amount thereof.
Appeals are favored and are to be dismissed only when clearly required by law. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970), rehearing denied (1970). No appeal shall be dismissed because of any irregularity, error or defect unless it is imputable to the appellant. CCP Art. 2161. It is the primary responsibility of the Clerk of the Trial Court to lodge the record on appeal as well as secure any extensions of the return day. CCP Art. 2125; Louisiana Power & Light Company v. Lasseigne, supra. It is the duty of appellant to pay the costs and fees to the Clerk of the Trial Court, not later than three days before the return date, or extended return date. R.S. 13:4445.
Once the return day expires without the lodging of the record on appeal or an extension of the return day, the Trial Court loses the jurisdiction to extend the return day. CCP Arts. 2088 and 2125; R.S. 13:4438; and Louisiana Power & Light Company v. Lasseigne, supra.
Even assuming that the Clerk’s failure to timely request an extension of the return day is not imputable to appellant, nevertheless, on or about July 12, 1976, appellant was aware that the transcript of testimony had been filed in the record. It was appellant’s duty to keep informed of the return date and the amount of the fees and costs. Failure to ascertain the amount thereof and to timely pay or at least tender the fees and costs from July 12, 1976 to September 17, 1976 is attributable to appellant.
Louisiana law does not require billing for appellate costs and fees by the clerk, to the contrary it required timely tender by the appellant of these costs and fees to the clerk. Louisiana Power & Light Company v. Lasseigne, supra.
Further, local practice and custom of the Clerk of Court cannot be allowed to contravene the specific codal and statutory provisions requiring timely payment of appellate costs and fees. Louisiana Power & Light Company v. Lasseigne, supra.
The failure to timely pay the costs and fees are imputable to appellant and incurs the penalty of forfeiture of appeal. Hunt v. Winn Dixie Louisiana, Inc., La.App., 276 So.2d 900 (1st Cir., 1973); Martin v. Travelers Insurance Company, La.App., 313 So.2d 342 (3rd Cir., 1975), writ refused, La., 318 So.2d 47 (1975).
The motion to dismiss is granted and judgment rendered herein dismissing appellant’s appeal at its cost.
APPEAL DISMISSED.