ON MOTION TO DISMISS
ROGERS, Judge.
The defendants-appellees, Mrs. Lessie T. Brister, Joe E. Brister, Motor Parts & Bearing Supply Company, Inc., and United States Fidelity & Guaranty Insurance Company, move to dismiss the devolutive appeal of the plaintiff-appellant, Mason Quinney, Jr., on the grounds that the plaintiff’s appeal was not timely perfected.
We dismiss the plaintiff-appellant’s appeal.
Formal judgment was signed and rendered in this case on December 10, 1976. Notice of judgment was mailed by the clerk on the same date, and no application for a new trial or rehearing was ever filed by either party.
On March 2,1977, the plaintiff moved for and obtained an order for his devolutive appeal to this court. Plaintiff posted his appeal bond the next day, March 3, 1977.
Act 201 of 1976, amending Art. 2087 of the Louisiana Code of Civil Procedure, changed the delay for applying for a devol-utive appeal from 90 days to 60 days. The act became effective October 1, 1976.
The plaintiff-appellee concedes that his devolutive appeal was not perfected until more than 60 days after the expiration date for applying for a new trial, but argues that Act 201 of 1976, amending Art. 2087 of the Code of Civil Procedure, does not apply to civil proceedings filed prior to the effective date of the act, and since his suit was filed on January 14, 1975, he had 90 days in which to perfect a devolutive appeal in this case.
We disagree. Art. 2087, and its amendment, Act 201 of 1976, are procedural legislation, and it is Hornbook law that procedural statutes may be changed by the legislature at anytime, and that in the absence of contrary language, the change would be equally applicable to pending as well as subsequent litigation. Hammond Asphalt Co., Inc. v. Joiner, 270 So.2d 244 (La.App. 1 Cir. 1972); Manuel v. Carolina Casualty Insurance, 136 So.2d 275 (La.App. 3 Cir. 1961). Act 201 of 1976 contains no language limiting its effect to prospective litigation, and therefore, plaintiff’s appeal being taken after the effective date of the act, same is governed by the provisions thereof.
For the reasons assigned, the appeal of the plaintiff-appellee is hereby dismissed.
APPEAL DISMISSED.