LANDRY, Judge.
State Farm Mutual Automobile Insurance Company and other defendants (Movants), have moved dismissal of the de-volutive appeal taken herein by Cecilia E. Harris (Appellant), for alleged failure of Appellant to timely appeal and file the required appeal bond. We grant the motion to dismiss and dismiss the appeal.
Appellant’s suit was dismissed by judgment of the trial court signed July 29,1976. On July 30, 1976, Appellant timely applied for a new trial. Judgment denying Appellant’s application for new trial was rendered November 15, 1976, and signed November 26, 1976. On February 11, 1977, Appellant moved for and was granted a devolutive appeal conditioned upon her furnishing bond in the amount of $600.00, which bond was posted that same day. Appellant did not make a written request for notice of rendition or signing of judgment disposing of her application for new trial.
The delay for applying for devolutive appeal and posting bond therefor is governed by LSA-C.C.P. Article 2087. Said Article was recently amended by Act 201 of 1976, which became effective October 1, 1976. As thus amended, Article 2087, above, states that except as otherwise provided by law, a devolutive appeal must be taken and security therefor furnished within sixty days of: (1) the expiration of the delay for *1206 applying for a new trial, if an application for new trial is not timely filed; (2) the court’s denial of a timely filed application for new trial; and (3) the date of mailing notice of refusal to grant a timely filed application for new trial when applicant is entitled to such notice pursuant to LSA-C. C.P. Article 1914. Notice of rendition of judgment denying an application for new trial is required only when written request is made for such notice. LSA-C.C.P. Article 1914.
Appellant’s application for new trial was timely in that it was filed within 7 days of signing of judgment. LSA-C.C.P. Article 1974. Because Appellant did not request in writing that she be notified of the judgment disposing of her application for a new trial, no notice of rendition or signing of said judgment was required. LSA-C.C.P. Article 1914. Consequently, the delay for taking a devolutive appeal herein commenced November 16, 1976, the day after rendition of judgment rejecting Appellant’s application for new trial. Article 1914, above. It follows that the sixty day delay period for taking and perfecting a devolu-tive appeal herein expired January 14,1977. Since Appellant did not appeal and post bond until February 11, 1977, the taking of this appeal and posting bond therefor are both untimely.
Failure to timely apply for a devolu-tive appeal necessitates dismissal of the appeal. LSA-C.C.P. Article 2087. Untimely posting of a devolutive appeal bond is fatal to an appeal. LSA-C.C.P. Article 2087; Safeco Insurance Company v. J. D. Blackwell, d/b/a Blackwell Body Shop, et al., 288 So.2d 85 (La.App. 1st Cir. 1973).
The appeal is dismissed at Appellant’s cost.
Appeal dismissed.