GULOTTA, Judge.
Defendants move to dismiss plaintiffs’ appeal on the ground that the record of the appeal was not filed in this court until April 21, 1977, over 16 months after the December 12, 1975 return date. Defendants further contend that payment by the appellants of costs (of transcribing the testimony) approximately 60 days after appellants had been billed for the costs is an error attributable to the appellants.[1]
In the same matter, but under a different number in this court,[2] an earlier motion to dismiss the appeal had been filed. The basis for that motion was that the court reporter had never prepared a transcript of the testimony because the appellants had not paid “the required advance deposit for preparation of the transcript”. Citing Lewis v. Collins, 329 So.2d 485 (La.App. 4th Cir. 1976), this court denied the motion. Thereafter, on October 8, 1976, a bill for the transcript of the testimony was mailed to appellants’ counsel. On December 3, 1976, the court reporter received payment in full. The transcript was filed in the record on December 6,1976. The record was completed on February 25, 1977 and lodged in this court on April 21, 1977. The clerk had never sought an extension of the December 12, 1975 return date.
Defendants-appellees argue that appellants have untimely tendered payment, an error imputable to them, necessitating dismissal of the appeal. We disagree.
Though it is true that LSA-C.C.P. art. 2126 and LSA-R.S. 13:4445(A) require appellants to pay all costs and fees to the clerk of the trial court not later than three days before the return date, it is the duty of the clerk of the trial court to prepare the record on appeal and apply for extensions *1029 of the return date if necessary. See LSA-C.C.P. arts. 2125 [3] and 2127.[4]
We stated in Lewis v. Collins, supra, at page 486:
“We hold that the court reporter has no authority to require a deposit before transcribing the testimony for appeal. The legislature has protected the court reporter against an appellant’s abandoning the appeal without paying for the transcript by requiring an appeal bond for ‘all costs due by the appellant,’ C.C.P. 2124. (Here, $250 cash was posted.) Perhaps the reporter may await filing of the bond before transcribing the testimony (or request the judge to increase the bond in an appropriate situation), but the reporter may not refuse to transcribe the testimony once bond has been posted.
“The court reporter’s failure to transcribe the testimony is therefore not attributable to any fault of appellant, nor is the clerk’s consequential inability to prepare and file the record.”
Based on the Lewis decision, we conclude that the failure of the court reporter to prepare the transcript before the return date and the failure of the clerk to obtain extensions of the return date are not errors imputable to the appellants. The Lewis decision is in accord with the latest expression of the Louisiana Supreme Court in Davidge v. Magliola, 346 So.2d 177 (La. 1977).
Irrespective of the Lewis decision and of this court’s determination in the earlier writ filed in this matter, defendants, in relying on Fryou v. Security Industrial Insurance Company, 339 So.2d 1325 (La. App. 1st Cir. 1976), claim that the untimely payment of costs (of transcribing the testimony) approximately 60 days after plaintiffs had been billed for those costs (October 8, 1976-December 3, 1976) is imputable to appellants. In the cited case, the court concluded that appellant’s failure to timely pay or tender the fees and costs for approximately two months (July 12, 1976 — -September 17, 1976) after the appellant had been aware that the transcript was filed in the record is attributable to the appellant. In Fryou, the appeal was dismissed.
We distinguish the facts in our case from the facts in Fryou. It is important to realize that in the Fryou case on July 12 the transcript of the testimony was filed in the record and the appellant was aware of that fact. However, in the instant case, the transcript of the testimony was not filed into the record until three days after appellants had paid the costs. Unlike the Fryou case, there is no indication in the instant case that the transcript of the testimony had been completed when the appellants in our case were billed for the costs. We are not inclined to extend the holding in the Fryou case to the facts in our case. Were we to do so, we would, in effect, be requiring an appellant to advance the billed costs prior to the completion and filing of the transcript of the testimony in the record. This result would be contrary to our holding in the Lewis case. We are not persuaded by defendants’ argument that the Fryou holding is applicable to the instant case.
Accordingly, the motion to dismiss the appeal is denied.

MOTION DENIED.

. In this connection defendants rely on Fryou v. Security Industrial Insurance Company, 339 So.2d 1325 (La.App. 1st Cir. 1976).

. Court of Appeal, Fourth Circuit, State of Louisiana, No. 7947.

. LSA-C.C.P. art. 2125 provides as follows: Art. 2125. Return day
“The return day of the appeal shall be fixed by the trial court at not more than sixty days from the date the appeal is granted on the application of the clerk, or of the deputy clerk preparing the record of appeal. The trial court may grant only one extension of the return day for the appeal of a civil suit, and such extension shall be not more than thirty days. A copy of said extension shall be filed with the appellate court. Subsequent extensions of the return day shall be granted by the appellate court for sufficient cause.”

. LSA-C.C.P. art. 2127 provides as follows: Art. 2127. Record on appeal; preparation; prepayment of fees
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”