355 So.2d 288 (1978)
In the Matter of the Arbitration between BACMONILA GARDEN APARTMENT, INC. and R. Grady WILLIAMS and Continental Casualty Company and Charles Ragusa and Son.
No. 9272.
Court of Appeal of Louisiana, Fourth Circuit.
January 24, 1978.
Pittman & Matheny, Iddo Pittman, Jr., Hammond, for plaintiff-appellee, Charles Ragusa & Son.
Jefferson, Bryan & Gray, William J. Jefferson, New Orleans, for defendant-appellant, Bacmonila Garden Apartment, Inc.
*289 Before LEMMON, GULOTTA and GARSAUD, JJ.
LEMMON, Judge.
This matter is before us on a motion to dismiss the appeal, initially raised by us and reurged by appellee.
Judgment was rendered on March 28, 1977, and notice of judgment was mailed the same day. Appellant filed a motion for a suspensive appeal on April 22, 1977, but could not furnish the required security. It did, however, pay the estimated appeal costs of $260.00 on May 13, 1977.
Appellant then filed a motion for devolutive appeal on June 21, 1977. Security was set at $250.00, and a bond in that amount was furnished on June 30, 1977. However, the period for perfecting a devolutive appeal, as prescribed by C.C.P. art. 2087, had elapsed on June 6, 1977.
Appellant argues convincingly that its timely payment of estimated costs should be regarded as the timely furnishing of security. Conceding that decisions such as Case v. Case, 316 So.2d 418 (La.App. 2nd Cir. 1975), have held that the requirement for furnishing security for an appeal is separate from the requirement for paying the clerk of the trial court for the cost of preparing the record and for filing fees, appellant argues these cases are not applicable since the passage of Act 708 of 1976 (amending C.C.P. art. 2126 to provide for estimation of costs immediately after taking the appeal and payment within 20 days). Appellant points out that costs are now paid before the expiration of the delay for furnishing security and therefore argues that, since security for a devolutive appeal is to secure payment of costs, the prepayment of estimated costs now serves that function.[1]
We agree. Payment of estimated costs within the delay for appealing is the equivalent of furnishing a cash bond for these costs. Indeed, in the present case the clerk, after completion of the record, applied the estimated costs payment to the costs and the filing fees and remitted the unused balance of $108.00 to appellants after there was no longer a need for security.
We hold that the letter and the intent of C.C.P. art. 2087's requirement of security was met by the payment of estimated costs within the delay for furnishing security. Since appeals are favored in law, the motion to dismiss the devolutive appeal is denied. However, since the security for a suspensive appeal has never been furnished, the suspensive appeal must be dismissed.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED, MOTION TO DISMISS DEVOLUTIVE APPEAL DENIED.
NOTES
[1] The Legislature, recognizing that security for costs is superfluous now that the costs are estimated and paid shortly after the appeal is taken, enacted Act 176 of 1977, dispensing with the requirement of security in devolutive appeals. However, Act 176 of 1977 is effective only as to those appeals in which the order of appeal was signed after January 1, 1978.