LOTTINGER, Judge:
ON MOTION TO DISMISS
Ex proprio motu this Court issued a show cause order as to why this appeal should not be dismissed for. an untimely filing of the appeal bond.
After a trial on the merits, and for oral reasons, judgment was rendered in open court on June 1, 1977 dismissing plaintiffs’ suit, and signed on June 3, 1977. This case not having been taken under .advisement, and June 3 being a Friday, the delay for applying for a new trial commenced to run on June 6, 1977. LSA-C.C.P. art. 1913 and 1974.
*674 Plaintiffs filed their motion for appeal on July 20, 1977, and the appeal bond on September 2, 1977.
Plaintiffs claim that their untimely filing of the appeal bond was through no fault of their own but the negligence of the clerk’s office in failing to send notice of appeal before the sixty day time limitation.
LSA-C.C.P. art. 2121 provides that after an order of appeal is granted “the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court) and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.” There is no requirement that the clerk of court send notice of appeal to the party that has appealed. Thus, any failure of the clerk to send the notice of appeal cannot act as an excuse for the late filing of an appeal bond.
The filing of the appeal bond on September 2, 1977 was untimely which is fatal to this appeal necessitating its dismissal. LSA-C.C.P. art. 2087; Harris v. State Farm Auto. Ins. Co., 345 So.2d 1205.(La.App. 1st Cir. 1977).
Plaintiffs also argue that LSA-C. C.P. art. 2124, as amended by Act No. 176 of 1977, Regular Session, eliminating the need for posting a devolutive appeal bond, should be retroactively applied making their untimely filing of the bond a moot issue. We disagree.
Act No. 176 of the 1977, Regular Session, in part provides:
“Section 4. The effective date of this Act is January 1, 1978; the provisions hereof shall apply to all appeals in which the order of appeal is granted on or after the effective date hereof.”
The language clearly makes the application of the Act prospective and not retrospective.
Therefore for the above and foregoing reasons this appeal is dismissed at appellants’ costs.
APPEAL DISMISSED.