357 So.2d 899 (1978)
Fausta Cecile DEVALL, Plaintiff-Appellee,
v.
Claude Pierson DEVALL, Defendant-Appellant.
No. 6535.
Court of Appeal of Louisiana, Third Circuit.
March 20, 1978.
Writ Granted May 12, 1978.
*900 Jones, Jones & Alexander, J. B. Jones, Jr., Cameron, for defendant-appellant.
John P. Navarre, Oakdale, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
WATSON, Judge.

MOTION TO DISMISS
A rule was issued, ex proprio motu, to show cause why defendant-appellant's appeal in this matter should not be dismissed due to failure to timely file an appeal bond. The defendant-appellant has answered the rule.
On November 15, 1977, the trial court signed a judgment in favor of appellant, decreeing a legal separation from bed and board. Additionally, the judgment awarded the permanent care, custody and control of the minor child to plaintiff-appellee, and granted child support. Since the case was not taken under advisement, nor was a request for notice made, no notice of the signing of the judgment was required. LSA-C.C.P. art. 1913. The delay for applying for a new trial expired on November 24, 1977. LSA-C.C.P. art. 1974. Since the judgment relates to a separation, custody, and child support, the appeal had to be perfected within thirty days. LSA-C.C.P. art. 3942 and 3943. Therefore, defendant-appellant had until December 26, 1977 within which to move for an appeal and to file the appeal bond.
The appeal bond was not filed until January 6, 1978, although a timely motion for appeal was made on December 6, 1977. As in many other cases through the years, failure to timely file the appeal bond requires dismissal.
Appellant argues that his appeal should not be dismissed because (1) appeals are favored in law, (2) Act 176 of 1977 eliminates the requirement of a devolutive appeal bond, and (3) this court should follow the case of In Re Bacmonila Garden Apartment, Inc., 355 So.2d 288 (La.App. 4th Cir. 1978).
While appeals are favored, this court has not applied Act 176 of 1977 retroactively. That act amends C.C.P. art. 2124 to eliminate the requirement of security for a devolutive appeal. Section 4 of that act reads as follows:
"The effective date of this Act is January 1, 1978; the provisions hereof shall apply to all appeals in which the order of appeal is granted on or after the effective date hereof."
Procedural statutes changed by the legislature are normally applicable to pending as well as subsequent litigation. However, where there is contrary language limiting its effectiveness, that language is controlling. See Quinney v. United States Fidelity and Guaranty Company, 345 So.2d 262 (La.App. 3rd Cir. 1977). We find Section Four of Act 176 of 1977 controlling as to its effective date.
Since the order of appeal was granted before the effective date of Act 176 of 1977, a devolutive appeal bond was mandatory. While the holding of the Fourth Circuit in In Re Bacmonila Garden Apartment, Inc., supra, (that payment of estimated costs within the delay for appealing is the equivalent of furnishing a cash bond) is at odds with our holding today, it is also contrary to the established jurisprudence of this court. This court has previously refused to apply
Act 176 of 1977 to orders of appeal granted before the effective date of the act. See Robbins v. Estate of Bordelon, 356 So.2d 113 (La.App. 3rd Cir. 1978).
For the reasons assigned, defendant-appellant's appeal is hereby dismissed at his cost.
APPEAL DISMISSED.