SCHOTT, Judge,
concurring.
I agree with and have initialed the majority opinion in this case. I offer some additional reasons for my position.
A judgment from which no appeal is taken assumes the quality of res judicata,' LSA-C.C. Art. 3556(31). The legislature prescribes the manner in which an appeal is taken. When the judgments were signed in appellee’s favor on October 28 and November 15, 1977, it could be anticipated that they would become final if no appeal was taken in the manner prescribed by the legislature at that time. Act 176 of 1977 by its own terms had no application to these judgments because the act would not become effective until January 1, 1978, and would apply to those appeals taken after the effective date.
In discussing the obligations placed on an appellant to perfect an appeal, courts seem preoccupied with the right of an appellant to taken an appeal and have repeatedly spoken of and applied liberal interpretation in order to save questioned appeals. Such an approach might lead to a strained interpretation of Act 176 of 1977 in order to save the instant appeal. However, the problem with such an approach in this case is in the failure to consider the corresponding right of the appellee to consider its judgment final on some clear and determinable date. When the legislature changed the rules for appeals which would be taken after January 1, 1978, there was not the slightest hint in the legislation that appellee’s residual rights from the old law were taken away. Appellee could rest assured that the judgments would become final unless appellants posted bond before the deadline. It may be that this residual right from the old law was subject to appellants’ obtaining another order of appeal but appellants having failed to take advantage of the new act’s provisions cannot be said to have somehow, by default, deprived appellee of its residual rights from the old law.
REDMANN, Judge, with whom LEM-MON and GARRISON, Judges, join, dissenting.
Guided by La.Const. art. 1 § 22’s requirement that courts be open and by the cardinal jurisprudential principle that appeals are favored and “should be maintained unless a legal ground for dismissal is clearly shown”, Favrot v. Favrot, 1968, 252 La. 192, 210 So.2d 316, 317, we should hold the filing *210 of a bond unnecessary after January 1,1978 to the survival of a devolutive appeal taken before but takable after that date.
We reason that no law existed after January 1, 1978, requiring the posting after that date of a bond for a devolutive appeal or, more important, making “jurisdiction” of the appellate court over a devolutive appeal depend upon the posting of a bond within a specified period. La. Acts 1977 Nos. 174 through 176, § 3, effective January 1, 1978, repealed those former provisions of La.C.C.P. 2087, 2088 and 2124[1] by amending and reenacting those articles without those provisions.[2] Although the 1977 Acts recite that their provisions “shall apply” to appeals whose orders of appeal are signed on or after January 1, and one might infer that those provisions do not apply to earlier-ordered appeals, nevertheless the former texts of the articles are not continued in force by any provision of the 1977 Acts, and those Acts do not declare that their own provisions “shall not apply” to then-pending appeals. There were not two different articles 2087, two articles 2088 and two articles 2124 in force at the same time in January (and February) 1978. To interpret the 1977 Acts to provide two sets of articles does violence to the Titles of those Acts and ignores the title-body clause of La.Const. art. 3 § 15(A). We conclude that there was no law in force after January 1, 1978, other than the amended articles, which will not permit dismissing this appeal.
On November 23, 1977, plaintiffs by motion granted November 28, 1977 appealed from judgments rendered at trial on October 27 and signed October 28 and November 15. Because plaintiffs did not apply for a new trial, C.C.P. 2087 (prior to its 1977 amendment effective January 1, 1978) allowed them 60 days to appeal and post bond, starting from the expiration of the delay for applying for a new trial (seven days exclusive of holidays, C.C.P.1974). Thus January 8 and 24, 1978 (60 days after November 9 and 25, respectively) would have been the last days to post bond. No bond was posted until January 26. Nor were estimated costs paid within the time for appeal, which would have served as substitute security, Bacmonila Garden Apt. v. Williams, La.App. 4 Cir. 1978, 355 So.2d 288;[3] Laque v. St. Charles Par., La.App. 4 Cir. 1978, 363 So.2d 1240. Notice of estimated costs was not here given until January 26, 1978, and the estimate was paid within 20 days.
Meanwhile, on January 1, 1978 Acts 1977 Nos. 174 through 176 became effective, eliminating the requirement of filing a bond in devolutive appeals for the appellate court’s “jurisdiction” to attach.
*211 However, those Acts § 4, in providing an effective date of January 1, 1978 rather than the usual 60th day after adjournment, La.Const. art. 3, § 19, added “the provisions hereof shall apply to all appeals in which the order of appeal is granted on or after the effective date hereof.” That language has been interpreted as if it read “shall apply only” to later appeals, or “shall not apply to appeals in which the order of appeal was granted before the effective date hereof”, in Cotaya v. Louisiana Health Serv., La.App. 4 Cir. 1978, -So.2d -, and Tadlock v. W. H. Hodges Co., La.App. 3 Cir. 1978, 357 So.2d 1268. Cotaya and Tad-lock dismissed appeals for lack of a timely bond.
Although Cotaya and Tadlock did not expressly do so, it may be argued that neither the amending provision nor the repealing provision of the pertinent Acts “applies” to this appeal because the effective date provision adds that “the provisions [of this Act] shall apply [interpreted: shall apply only] to all appeals in which the order” is dated after January 1, 1978. The argument would be that the earlier versions of the C.C.P. articles coexist with the new versions and remain in force past January 1, 1978. To confer appellate “jurisdiction” an appellant whose order of appeal was earlier granted but who had not yet filed bond would be obliged, within the part of his period for appeal during January and February 1978, either to (1) file bond under the first C.C.P. 2088 or (2) have the old order of appeal revoked and a new one signed so as to be governed by the second C.C.P. 2088. This procedure seems pointless. The refusing of “jurisdiction” over one case decided in late 1977 while granting it over another case decided the same day, on the sole basis that one appellant obtained an order of appeal in 1977 and the other in 1978 would be whimsy. No rational justification for a classification on such a basis comes to mind.[4] We decline to interpret the Acts in question to deny appeal rights to appellants classified on such a basis because to do so is to deny equal protection of the law, U.S. Const. Amend. 14, and to violate La.Const. art. 1 § 22’s requirement that all courts be open to provide remedy by due process and justice administered without partiality.
We also decline to so interpret the 1977 Acts because of the title-body clause, La. Const, art. 3 § 15(A): “Every bill shall contain a brief title indicative of its object.”
The titles of La.Acts 1977 Nos. 174-176 (and also 177-180) all read, in form, like that of Act 176:
AN ACT
To amend and reenact Article 2124 of the Louisiana Code of Civil Procedure, relative to the security to be furnished for an appeal and to provide for the effective date thereof.
The title gives no indication that it would add a second Article 2124 while requiring the old Article 2124 to survive through the first 59 days of 1978: it proposes only “to amend and reenact” the one and only Article 2124 already in existence, and to provide for the effective date “thereof” — the effective date of the amended and reenacted Article 2124.
Although the title-body clause should be liberally construed, Louisiana Independent Auto D. Assn. v. State, La.1975, 295 So.2d 796, it does strike with invalidity “extraordinary subject matter” in the body of an Act unless indicated by the title, Terrebonne Par. P. J. v. Board of Com’rs, La. 1976, 306 So.2d 707.
Had the Legislature expressly provided that through February 1978 there would be in force two versions of C.C.P. 2124 (and 2087 and 2088), one applicable to appeals whose orders were signed before and the other to appeals whose orders were signed after January 1,1978, that would have been *212 “extraordinary subject matter” within Terrebonne for an Act with the title “to amend and reenact C.C.P. 2124 and to provide the effective date thereof.” The title to Act 176 does not indicate that extraordinary purpose: yet that extraordinary purpose is read into the Act by reading “shall apply” as meaning “shall only apply” to appeals with orders signed January 1 or later. Accordingly, if Cotaya were correct in reading “shall only apply”, then the “shall apply” clause would be invalid because violative of the title-body clause.
We therefore reject the argument that for 59 days there were two effective versions of the same procedural articles. We conclude that on January 1, 1978 both the amending and the repealing provisions of the 1977 Acts were completely effective, and the prior forms of C.C.P. 2087, 2088 and 2124 no longer were in force.
Yet it is the prior form of C.C.P. 2088 which alone theoretically requires dismissal of an appeal for untimeliness of bond. The prior wording was that “jurisdiction of the trial court ... is divested, and that of the appellate court attaches, on the timely filing of the appeal bond . . . .” Because of that wording the Supreme Court concluded that the passage of the time for appealing without filing the bond deprived the appellate court of jurisdiction over the case; Orrell v. Southern Farm Bur. Cas. Ins. Co., 1966, 248 La. 576, 180 So.2d 710; Wright v. Mark C. Smith & Sons, La.1973, 283 So.2d 85; Guilliot v. City of Kenner, La.1976, 326 So.2d 359. Thus it was the pre-1977 text of C.C.P. 2088 that required dismissal of an appeal once the appeal time passed without bond being filed. But that text of C.C.P. 2088 was no longer in force in January 1978 when this case’s time for appeal expired (without bond having been filed). There is, accordingly, no longer any authority upon which this appeal can be dismissed, even if the current version of C.C.P. 2088 does not apply.
We would hold that the 1977 Acts, which by their terms “shall apply” to certain appeals, also apply, and must apply, to all other appeals whose time for appealing extended into 1978: the Acts apply to all appeals in which the order of appeal was or could have been granted on or after January 1, 1978.[5]
Thus no bond need be filed after January 1, 1978 for the appellate court’s “jurisdiction” to attach. Our jurisdiction in this case therefore attached on January 1, 1978, when bond first became unnecessary.
Cotaya v. Louisiana Health Serv., supra, (and Malanders v. Avondale Shipyards, Inc., La.App. 4 Cir. 1978, 361 So.2d 479, insofar as it accords with Cotaya) should be overruled,[6] and our rule to dismiss should be recalled.

. Art. 2087 (as amended, Acts 1976 No. 201). [A]n appeal which does not suspend the effect or execution of an appealable order or judgment may be taken, and the security therefore furnished, within sixty days after: (1) The expiration of the delay for applying a new trial. . ..
Art. 2088 (as amended, Acts 1968 No. 128). The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal ....
Art. 2124. The security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs. . . .

. Art. 2087 (as amended, Acts 1977 No. 174). [A]n appeal which does not suspend the effect or execution of an appealable order or judgment may be taken within sixty days of: (1) The expiration of the delay for applying for a new trial
Art. 2088 (as amended, Acts 1977 No. 175). The jurisdiction of the trial court ... is divested, and that of the appellate court attaches, ... on the granting of the order of appeal, in the case of a devolutive appeal. . . .
Art. 2124 (as amended, Acts 1977 No. 176). No security is required for a devolutive appeal. . . .

. Bacmonila had pointed out that the requirement of a devolutive appeal bond — a bond for costs, C.C.P. 2124 — became superfluous after Acts 1976 No. 708 amended C.C.P. 2126 to oblige the appellant to pay the clerk’s estimate of appeal costs before the clerk prepared the record for the appeal. (Under prior law, the clerk was protected by the bond but had no authority to require a deposit for appeal costs; Lewis v. Collins, La.App. 4 Cir. 1976, 329 So.2d 485.)

. One might suppose a justification of such a law, e. g., a companion measure requiring prepayment of estimated costs applicable only when orders of appeal were signed after 1977. If that were the case, to dispense with the requirement of bond for costs, C.C.P. 2124, only in those cases where costs must be prepaid would be reasonable. No such companion measure exists here.

. Whitener v. Clark, La.App. 2 Cir. 1978, 356 So.2d 1094, writ refused 358 So.2d 638 and 641, reaches the same result as to the applicability to a pre-1978 appeal of C.C.P. 2166 as amended by Acts 1977 No. 179 despite that Act’s recital that its provisions “shall apply” to appeals granted after January 1, 1978. Whitener’s result was partially based on a Supreme Court Rule amendment impliedly adopting the view espoused here.

. Devall v. Devall, La.App. 3 Cir. 1978, 357 So.2d 899, writ granted 358 So.2d 949 [presumably because of express conflict with Bacmonila, supra], and Landry v. Dent, La.App. 1 Cir. 1978, 358 So.2d 673, writ refused 359 So.2d 1293, expressly refused to apply the 1977 Acts retroactively to obviate the need for a bond the last day to supply which fell before January 1, 1978. Under the Supreme Court interpretations of C.C.P. 2088’s earlier text, such as Guilliot, supra, failure to file bond timely not only allowed the judgment to become definitive but deprived the appellate court of “jurisdiction” and required dismissal of the appeal. Accordingly, because “jurisdiction” never attached in Devall and Landry within the then possible appeal periods, a statute effective after those periods — after the judgments became definitive — could not revive those appeals and make undefinitive those definitive judgments. Acts 1977 Nos. 174 — 176 were never in force during the period of those judgments’ appealability.
In our case, to the contrary, although the order of appeal was signed prior to January 1, 1978, the period during which appeal could have been taken extended past January 1, 1978 so that Acts 174-176 of 1977 were unquestionably effective during part of this appeal’s viability under prior law. An order of appeal could have been granted in January 1978 in this case, had appellant but waited until then to move for an appeal. That was not the case in Devall or Landry.