364 So.2d 616 (1978)
Rodney HOPKINS et al., Plaintiffs-Appellees,
v.
DEPARTMENT OF HIGHWAYS, State of Louisiana, Defendant-Appellant.
No. 6606.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Rehearing Denied November 28, 1978.
Writ Refused December 15, 1978.
*617 Mengis, Roberts, Durant & Carpenter by Charles W. Roberts, David K. Balfour and Sharon P. Frazier and Richard M. Sandefer, Baton Rouge, for defendant-appellant.
Davis & Simmons by Kenneth N. Simmons, Many, for plaintiffs-appellees.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
DOMENGEAUX, Judge.
This is a suit brought by property owners, Rodney Hopkins, Melvin Raiford, and the widow and heirs of Odis C. Faust, Sr., Doris Stewart Faust, Frances Faust Hopkins, Odis C. Faust, Jr., and James Shelby Faust,[1] in order to recover damages to their land allegedly caused by the Department of Highways. A permanent injunction against the Department of Highways was also sought.
This suit was before us twice before. We first denied supervisory writs on an issue involving the disqualification of witnesses during trial. Hopkins v. Department of Highways, our No. 5302, November 13, 1975. The second time it was before us, we reversed the trial court's judgment on a procedural issue. The case was remanded for the taking of additional evidence and for the rendition of a new judgment. Hopkins v. Department of Highways, 350 So.2d 1271 (La.App. 3rd Cir. 1977). Trial on remand has been completed and a new judgment rendered. On this appeal, we reach substantive issues not discussed in the previous appeal.
All parties are property owners in Sabine Parish, Louisiana. The Highway Department owns a 5.8 acre tract upon which it operates a highway maintenance unit. The Faust widow and heirs own five acres adjoining the western boundary of the Highway Department tract; Hopkins owns five acres immediately west of the Faust tract; and Raiford owns thirty acres on the western boundary of the Hopkins tract. The Raiford tract also borders the northern boundary of the Hopkins and Faust tracts. A small depression runs through the Highway Department's tract and across the Hopkins, Raiford, and Faust tracts, which constitutes a natural drain.
Plaintiffs allege that the Highway Department allowed oil, grease, and tar waste to enter and contaminate the water in the ditch. They also allege that asphalt, as well as large amounts of sand stockpiled on the Department property, entered the ditch and flowed onto their land.
Suit was filed in order to recover the damages sustained as a result of these activities and for a permanent injunction restraining the Highway Department from allowing this condition to continue.
After lengthy proceedings, judgment was ultimately rendered awarding damages in *618 the amount of $11,174.00 for Mr. Hopkins; $14,773.00 for Mr. Raiford; and $7,646.00 for Mr. Faust's widow and heirs. In addition, a permanent injunction enjoining the defendant from dumping oil, grease, tar waste and residue, and red sand was ordered. The judgment also provided that the Department of Highways pay all costs of the proceedings, including expert witness fees. Defendant appeals on several grounds.
The first specification of error raised by the Department of Highways is that plaintiffs failed to establish by a preponderance of the evidence all of the elements necessary to find liability.
We are of the opinion that this is a suit for property damages resulting from a proprietor's violation of the obligations imposed by Article 667 of the Civil Code.[2]Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Joubert v. State, through State Park and Recreation Commission, 345 So.2d 220 (La.App. 3rd Cir. 1977); Carr v. City of Baton Rouge, 314 So.2d 527 (La.App. 1st Cir. 1975), writ denied, 318 So.2d 53 (La.1975).
In order to recover under Article 667, it is necessary to prove:
1. That the defendant is a neighboring proprietor;
2. That the property of plaintiffs has sustained damage through a work or activity;
3. That the defendant is responsible for the work or activity; and
4. That there is a sufficient causal relationship between the work or activity and the damage sustained.
Stone, 12 La.Civil Law Treatise, Tort Doctrine, Section 231 (1977). See Carr v. City of Baton Rouge, supra.
We have carefully examined the record in this case and feel that plaintiffs have discharged the burden of proof necessary to hold the defendant liable.
There was no issue raised concerning whether plaintiffs and the Highway Department were neighboring proprietors. Nevertheless, certified copies of the respective deeds of the parties are contained in the record, which we feel clearly disposes of the first element required.
There was also ample evidence to support the second element required, namely that plaintiffs' property had been damaged. Several photographs introduced into evidence by plaintiffs showed clumps of asphalt on their land, as well as a filmy substance on the surface of the water in the ditch. They also showed sand deposits. In addition, the testimony of several witnesses for both plaintiffs and the defendant indicated that asphalt and sand deposits were on the land and that oil was in the ditch.
With regard to the third element, relative to the responsibility of the defendant for the work or activity, the evidence in the record established that the Highway Department used their property for the servicing and storage of maintenance equipment. A grease rack was present on the property, where oil from departmental trucks would be changed regularly. There were two asphalt storage tanks on the property, which were used to replenish maintenance trucks that would do road repair work. Large stockpiles of sand, clay, and gravel were also present.
With regard to the fourth element, concerning causation, the testimony of several witnesses gave rise to an inference that the sand, oil, and asphalt found on plaintiffs' property came from defendant's property. Roy Maines, a former superintendent of the unit, stated that when oil was changed in the trucks, his workers sometimes let the oil run into the natural drain. Wilbur Wooly, the present superintendent of the unit, testified that although his orders are that oil is to be placed in a large drum and disposed of *619 off of the maintenance site, disposal of the oil on the Faust property still could be possible.
With regard to sand, Caroll Wascom, an expert geologist called by the defense, stated that the red sand stockpiled on the Department's property could wash down into the ditch in the natural process of rainfall and erosion. He further stated, on cross-examination, that a soil sample taken on the Faust tract matched that of a sample taken from a sand deposit on the Department's tract.
Finally, there was the testimony of one of the plaintiffs, Rodney Hopkins, who stated that in April of 1974 he noticed large amounts of oil and asphalt on his property. He testified that he sought out the origin of these materials at that time and discovered that there was no indication that the materials came from any other property lying above that of the defendant. He concluded from his observations that the oil and asphalt must have come from the Department property.
In short, we feel that there is sufficient evidence in the record to sustain the trial judge's finding of liability.
Defendant's second specification of error is that the inclusion of an amount for emotional distress in the award was erroneous. Defendant also contends that the amount awarded for property damages is excessive.
The trial judge's award may be broken down as follows:

 HOPKINS PROPERTY
Property damage ................ $ 7,674.00
Emotional distress, disturbance, lack
 of use of property, and damage
 to trees ...................... $ 3,500.00
 __________
 Total.............. $11,174.00
 RAIFORD PROPERTY
Property damage ................ $11,273.00
Emotional distress, disturbance, lack
 of use of property, and damage
 to trees ...................... $ 3,500.00
 __________
 Total.............. $14,773.00
 FAUST PROPERTY
Property damage ................ $ 4,146.00
Emotional distress, disturbance, lack
 of use of property, and damage
 to trees ...................... $ 3,500.00
 __________
 Total................$ 7,646.00

We will first discuss the amounts awarded for property damage. The trial judge used as a measure of property damage the decrease in the market value of the property, as determined by the appraisal report and testimony of one of plaintiff's expert appraisers, T. J. Stephens.[3] Stephens reached his dollar value for damages by appraising the value of the land and improvements, and then multiplying the total value by twenty percent. This twenty percent figure was his assessment of the magnitude of damage to the properties.
We feel that this procedure was erroneous and resulted in an unduly high estimate of damages. For example, the Raiford tract consisted of approximately thirty acres of land. However, the tract had highway frontage of less than 135 feet. On the front part of the property was located a rental house and the Raiford residence, and these home sites occupied only about 9 acres. The ditch was located approximately 1,000 feet behind these homes on the undeveloped, rear twenty-one acres. Stephens assessed the value of the rental house and accompanying land at $8,703.00; the Raiford residence and accompanying land at *620 $39,263.00; and the remaining rear acreage at $8,400.00. He reached a total value of $56,366.00 and then multiplied this figure by twenty percent in order to reach a damage figure of $11,273.00. Stephens used the same method to reach a dollar value of damages on the Hopkins and Faust tracts.
We think it obvious that the damage sustained by the ditch and surrounding land had no effect on the value of the residential property involved.
We feel that a fairer and more realistic approach would be to take the acreage of land actually affected by the damaged stream and determine its before and after value, using the figures provided by Stephens.
The Hopkins and Faust tracts consisted of only five acres each. We think it fair to assume that the entire five acres should be considered in appraising the damage for each one of these tracts. For the Hopkins tract, Stephens determined that the land had a value of $1,737.00 per acre, or $8,685.00 for the whole, minus a twentyfive percent deduction for the lack of level terrain, which yields a total value of $6,514.00. Using the twenty percent damage figure, the dollar amount of property damage would be $1,302.80. For the Faust tract, Stephens reached the same value of $1,737.00 per acre, or $8,685.00 for the whole, minus a thirty percent deduction for the lack of level terrain, which yields a total value of $6,079.00. Using the twenty percent damage figure, the dollar amount of property damage would be $1,215.80.
The Raiford tract involves a different situation because the acreage involved in the home sites are not in close proximity to the damaged drainage ditch. We feel that this acreage should not be considered in assessing damages. However, we do feel that the entire twenty-one acres of undeveloped land through which the drain runs should be considered. Stephens assigned a value to this land of $400.00 per acre, or $8,400.00 for the whole. Using the twenty percent damage figure, the dollar amount of property damage would be $1,680.00.
We now move to defendant's contention concerning the $3,500.00 awarded to Hopkins and Raiford, and on behalf of Faust, for emotional distress, disturbance, lack of use of the property, and damage to trees. After examining the record, we find that there is insufficient evidence to support any award for emotional distress, disturbance, and lack of use of the property. The only testimony bearing on emotional distress was that of Hopkins, who merely stated that he lost some time in examining the damage to his land and in talking to Highway Department personnel about the damage. There was no evidence with regard to the emotional distress of Raiford or Faust. There was some testimony concerning plans for future use of the property; however, it is speculative in nature and, in our opinion, insufficient to support an award for this item. With regard to disturbance, we feel that this item is adequately compensated in the award for property damage.
However, there was quantitative evidence bearing on the loss of trees from a defense witness, James D. Noel, accepted as an expert in forestry. Noel testified that the value of the timber lost in the dead trees would be $5.70 for Hopkins, $45.60 for Raiford, and $8.67 for Faust. We will award these amounts in lieu of the $3,500.00.
Defendant's last specification of error is that the trial judge erroneously overruled its exception of no cause of action relating to plaintiffs' demand for costs, and erroneously assessed costs, including expert witness fees, against the Highway Department.
At the time judgment was rendered, the applicable law was found in La.R.S. 13:4521, which would have exempted the Department from paying all court costs, except stenographer's fees. Act 467 of the 1978 Regular Legislative Session modified the existing law by adding a new statute, La. R.S. 13:5112, and by amending the previous one, La.R.S. 13:4521. This Act became effective on September 8, 1978, while appeal was pending before this Court.
*621 La.R.S. 13:5112 provides:
"The state of Louisiana or any board, department, commission and agency thereof may pay at the discretion of the court all court costs, including, but not limited to, filing fees, court stenographer fees, and expert witness fees when it is cast in judgment in a suit in which it is a defendant, however, neither the Office of Employment Security nor the administrator shall be cast for costs in any judicial review proceeding under the provisions of R.S. 23:1634."
La.R.S. 13:4521 now provides:
"Except as provided in R.S. 13:5112 and as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board, or commission shall be required to pay court costs in any judicial proceeding, instituted or prosecuted by or against the state or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the parish of Orleans and the city of New Orleans. This Section shall have no application to stenographers' costs for taking testimony."
This case presents an interesting situation. At the time judgment was rendered by the trial judge, he was without authority to assess costs, except stenographer's fees, against the Highway Department; however, while the case was pending in this court, the prohibition against assessing costs was removed. Since these statutes are procedural in nature, and, hence, should be given retroactive effect in the absence of statutory language showing a contrary intent, we feel that we should allow the assessment of costs against the Highway Department. Interdiction of Mayeux, 130 So.2d 708 (La.App. 3rd Cir. 1961). See Quinney v. U. S. F. & G. Co., 345 So.2d 262 (La.App. 3rd Cir. 1977), application denied, 346 So.2d 713 (La.1977). Reversing this aspect of the judgment would be going contrary to the intention of the legislature, which made the decision to now allow a trial judge to assess costs against a state agency when it is a defendant and cast in judgment.
For the above reasons, the judgment of the District Court is amended so as to reduce the amount awarded to Rodney Hopkins from the sum of $11,174.00 to the sum of $1,308.50; the amount awarded to Melvin Raiford from the sum of $14,773.00 to the sum of $1,725.60; and the amount awarded to Doris Stewart Faust, Frances Faust Hopkins, Odis C. Faust, Jr., and James Shelby Faust, from the sum of $7,646.00 to the sum of.$1,224.47. In all other respects, the judgment is affirmed.
All costs on appeal are assessed one-third each to Melvin Raiford and Rodney Hopkins, and one-third to the widow and heirs of Odis C. Faust, Sr.
AFFIRMED, AS AMENDED.
NOTES
[1] Originally, Odis C. Faust, Sr., was a plaintiff. However, he died while suit was pending, and his widow and heirs were substituted as parties.
[2] Article 667 provides:

"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
[3] Stephens gave the highest estimates of damage. Randy LaCaze, the other appraiser offered by plaintiffs, gave damage estimates of $7,730.66 for the Hopkins tract; $4,000.00 for the Raiford tract; and $4,602.00 for the Faust tract. The State had three expert appraisers, all of whom testified that there was no decrease in the market value of the properties. However, one of the appraisers, H. Lauren Willet, stated that if the properties were damaged, he would estimate quantum in terms of loss of rental value for nonusable land. His valuation yielded damages of $162.00 for the Hopkins tract, $1,050.00 for the Raiford tract, and $162.00 for the Faust tract.